SARAH F. EDINGTON *v.* WM. M. EDINGTON.

**Deeds—Trusts Created.**

> A recital in a deed, which is in fee simple, that the consideration of $1,700.00 of the money for the land was an advancement, held not evidence sufficient to create a trust in the land, or the money, for the benefit of the wife of the vendee.

APPEAL FROM TAYLOR CIRCUIT COURT.

February 21, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The conveyance of the land in controversy, was made by Robinson, the father of Mrs. Edington, and passed to the grantee, Wm. Edington, the absolute fee simple title—the deed reciting that seventeen hundred dollars of the money for the land was an advancement, is not evidence sufficient to create a trust in the land, or the money for the benefit of the wife, Edington being the son-in-law, Robinson saw proper to make to him this conveyance, without any conditions trusting to his, Edington's, ability to take care of and maintain his family. There was nothing in the deed creating any trust for the wife. The cases referred to by counsel for the appellant are not applicable to such a case as this. That the wife is entitled to a settlement out of the personal estate derived by descent or derived from her

father before it gets into the husband's possession is too well settled to question.

And if a deed is made to the husband for land by the father-in-law reciting the consideration as being an advancement to the wife or daughter, a trust will ensue to the benefit of the wife. In the case of Pierce vs. Pierce, 7 Ben. Monroe, page 436, relied on by counsel in this case the case recites the fact "that one thousand dollars of the amount was presented to Mrs. Pierce" and in that case this court says "that if a deed had been made reciting the fact that $1,000 of the consideration had been paid by Mr. Pierce from money presented by her father, or even receipted for by the husband as being a gift to the wife, that this recital would create an interest in the wife. In the present case there is an absence of any such recitals or the use of any language whatever, showing that the grantee intended to give to the daughter an interest in this land. He had the right to make an advancement to his son-in-law and the absolute conveyance *evidences* that to have been his intention.

There is no allegation of any mistake in the conveyance and no proof in the whole case showing an intention upon the part of the grantor to convey the land in any other manner than appears from the deed itself.

The gift by the husband to the *wife* of the five hundred dollars passed no right to her as against the creditors of her husband. The wife must account for it except the amount expended by her for funeral expenses, &c., for which she has been credited by the court in the judgment rendered.

Judgment affirmed.

*Montague, D. G. Nutchell, for appellant.*
*Harrison, Robinson, for appellee.*